HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PRIME THERAPEUTICS LLC,<br><br>    Moving Party,<br><br>    v.<br><br>OSTERHAUS PHARMACY, INC., et al.,<br>on behalf of themselves and all others<br>similarly situated,<br><br>    Responding Parties. | NO. 2:25-mc-00058-RAJ<br><br>**ORDER ON MOTION TO<br>QUASH SUBPOENA** |

THIS MATTER comes before the Court on the motion (the "Motion," Dkt. # 1) of Prime Therapeutics, LLC ("Prime") to quash the subpoena *duces tecum* (the "Subpoena") served upon the AIDS Healthcare Foundation ("AHF") by the plaintiffs in the matter captioned *Osterhaus Pharmacy, Inc. et al. v. Express Scripts, Inc.*, No. 2:24-cv-00039-RAJ (W.D. Wash. Jan. 9, 2024) (hereinafter referred to as the "Underlying Action"). No party has filed any response to the Motion, with the exception of AHF, which filed a notice of consent to the transfer of this matter from the District Court for the Central District of California to the District Court for the Western District of Washington. *See* Dkt. ## 7, 8.

As indicated by Prime, the entirety of the documents requested of AHF in the Subpoena consist of documents relating to a confidential arbitration between Prime and AFH under the auspices of the American Arbitration Association ("AAA"). Dkt. # 1 at 5.

ORDER – 1

1   Specifically, the Subpoena seeks: (1) "All Documents received in discovery by You in the matter of *AIDS Healthcare Foundation v. Prime Therapeutics, LLC* (AAA Case No. 01-22-0000-2756)" and (2) "All Documents, including but not limited to all pleadings, briefs, submissions, hearing transcripts, orders, and decisions, in or relating to the matter of *AIDS Healthcare Foundation v. Prime Therapeutics, LLC* (AAA Case No. 01-22-0000- 2756)." *Id.*; Dkt. # 1-1 at 7.

Neither Prime nor AHF is a party to the Underlying Action. However, the Subpoena seeks documents proprietary to Prime which were produced for the limited purpose of advancing its confidential AAA arbitration with AHF. Accordingly, Prime has standing to challenge the subpoena served upon AHF in the Underlying Action on the basis of the purported confidentiality of these documents. *See, e.g.*, *Pangerl v. Peoria Unified Sch. Dist.*, No. CV-14-00836, 2016 WL 354744, at *7 (D. Ariz. Jan. 29, 2016) ("Rule 45(d)(3)(B) [of the Federal Rules of Civil Procedure] allows either a non-party to whom a subpoena was issued or a person 'affected by a subpoena' to move to quash the subpoena to protect . . . confidential information."); *Am. Broad. Cos. v. Aereo, Inc.*, No. CV–12–80300, 2013 WL 1508894, at *2 (N.D. Cal. Apr. 10, 2013) ("[A] party moving to quash a nonparty subpoena has standing when the party has a personal right or privilege in the information sought to be disclosed." (quotation omitted)). Prime also asserts objections to the Subpoena on the grounds of overbreadth, irrelevance, and burden, Dkt. #1 at 4–7, 9; however, the "general rule" adopted by courts in this Circuit provides that non-parties only have standing to quash a subpoena served upon a third party on the grounds of privilege, not relevance or undue burden. *See Clark v. Trans Union, LLC*, No. 2:24-CV-00783 WBS CKD, 2025 WL 359314, at *3 (E.D. Cal. Jan. 31, 2025) (internal citations omitted).

Under Rule 45 of the Federal Rules of Civil Procedure, parties may seek discovery from non-parties; however; the reviewing court "must quash or modify a subpoena that . . . (iii) requires disclosure of privileged or other protected matter." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). The court may also quash or modify the subpoena if it requires the

ORDER – 2

disclosure of "a trade secret or other confidential research, development, or commercial information." *Id.* 45(d)(3)(B)(i). Courts in the Ninth Circuit offer greater protection to non-parties than parties when considering the proper scope of discovery. *See Dart Indus. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980).

Here, the entire corpus of the documents requested in the Subpoena were produced by Prime in, or otherwise relate to, the confidential AAA arbitration between Prime and AHF. *See* Dkt. # 1 at 5; Dkt. # 1-1 at 7. These documents are protected by applicable AAA rules and several protective orders "specifically designed to prevent the unwanted disclosure of [AHF's and Prime's] confidential and highly confidential information." Dkt. # 1 at 5. The Court will not consider Prime's arguments regarding the purported overbreadth of the Subpoena and the relevance of the requested documents, given that Prime was not the recipient of the Subpoena. Dkt. #1 at 4–7, 9; *see Clark*, 2025 WL 359314, at *3. However, the Court notes that Prime is clearly better equipped to assess and assert arguments related to the confidential commercial nature of the requested documents than AHF (its opponent in the AAA arbitration). While Prime does not have standing to challenge the breadth of the Subpoena served upon AHF, the Court warns the parties to the Underlying Action that any subsequent subpoena served on Prime should not be fashioned as a bulk request for documents related to the confidential AAA arbitration.

For the foregoing reasons, the Court **GRANTS** Prime's Motion to Quash Plaintiffs' Subpoena *Duces Tecum*, Dkt. # 1, without prejudice to the ability of the parties in the Underlying Action to seek appropriately-tailored discovery from Prime. The Clerk of Court is directed to close this miscellaneous case.

DATED this 19th day of December, 2025.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 3

ORDER – 4